J-S21009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERICK DANIEL THOMPSON | : | |
| | : | |
| Appellant | : | No. 54 MDA 2026 |

Appeal from the Judgment of Sentence Entered December 19, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001460-2024

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JULY 10, 2026**

Erick Daniel Thompson appeals from the amended judgment of sentence of nine and one-half to twenty years in prison followed by three years of probation entered upon his jury convictions for rape and related offenses.  We affirm.

We glean the following from the record.  The victim, S.S., had previously been in a relationship with Appellant, which produced a child.  At the time of the offenses, the two were no longer romantically involved but shared custody of their one-year-old child.  At approximately 8:30 p.m. on October 3, 2024, Appellant arrived at S.S.'s home in anticipation of a custodial visit the following day.  He had requested to spend the night before the visit because he arrived late from Maryland.  S.S. agreed and informed Appellant he could sleep upstairs and she would sleep on the couch.

Over the next two hours, the pair watched television, drank alcohol, and went outside to smoke cigarettes. At various points Appellant asked to rekindle their relationship, but S.S. rebuffed his entreaties. When Appellant tried to kiss S.S., she told him no and put her hand up to stop him. He then forcefully pushed her down onto the couch, climbed on top of her, removed her pajama shorts and underwear, and forcibly penetrated her vagina with his penis. During the assault, S.S. cried, yelled at Appellant to stop, tried to push him off, and called 911 on her nearby cellphone. Appellant terminated the initial call but S.S. was able to immediately redial without Appellant noticing. The 911 dispatcher heard S.S. crying and yelling "Please stop," "No," and "Get off of me." N.T. Jury Trial, 9/10/25, at 42. Appellant continued to force vaginal intercourse with S.S. until he ejaculated. When he stood up, he noticed the active 911 connection. Appellant terminated the call and complained to S.S., "Oh great, now I'm gonna get charged with rape." *Id*. at 43. S.S.'s Ring camera system then recorded Appellant getting dressed, chugging the rest of his drink, grabbing his belongings, and saying as he left her home, "That's how you do it before the cops come." *Id*. at 51.

Police arrived and interviewed S.S. about what happened. During her subsequent sexual assault examination, Appellant repeatedly called her but she did not answer. The following morning, Pennsylvania State Police Trooper Nathan Klinger contacted Appellant. During an interview over the phone, Appellant claimed that the intercourse had been consensual and the 911 recording captured S.S.'s statements while he attempted to give her a hug.

Based on the foregoing, Appellant was charged with rape, sexual assault, indecent assault (without consent), and indecent assault (forcible compulsion). He proceeded to a jury trial. Among other evidence, the jury heard from S.S. regarding the events detailed above, listened to the recorded 911 call, and watched the Ring video. Appellant testified in his defense. He maintained that S.S. initiated the intimacy between them that night and the intercourse was consensual. He explained the 911 recording as S.S. having a panic attack after an argument about household bills and custody, and yelling at him as he tried to hold her to calm her down.

The jury found Appellant guilty as charged. Sentencing was deferred for an evaluation by the Sexual Offenders Assessment Board. Appellant was found not to be a sexually violent predator. The court originally sentenced him on December 11, 2025, to the above term of incarceration for his rape conviction. His sentence was amended on December 19, 2025, to add the consecutive probationary period. The other charges merged for sentencing purposes.[1] Appellant did not file a post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925. In his concise statement, Appellant "complain[ed] that the [t]rial [c]ourt committed reversible error when it failed

_____

[1] Although Appellant filed an order requesting transcripts with his notice of appeal, he did not specify which hearings should be transcribed. The only transcript in the certified record is that of the jury trial. As such, we base our recitation of Appellant's sentence from the docket and sentencing orders in lieu of the notes of testimony from those proceedings.

to dismiss the case against [Appellant] due to legally insufficient evidence presented by the Commonwealth." Rule 1925(b) Statement, 2/2/26. In his brief, Appellant presented a single issue: "Whether the trial court committed reversible error, when it permitted the case to go to a jury, when the Commonwealth failed to produce sufficient evidence on the charges of rape, sexual assault, indecent assault – without consent[,] and indecent assault – by forcible compulsion." Appellant's brief at 6 (unnecessary capitalization omitted).

Appellant's question poses a sufficiency challenge, our consideration of which is governed by the following principles:

> In reviewing the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible from that viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish all the elements of the offenses beyond a reasonable doubt. This Court, however, may not weigh the evidence and substitute our own judgment for that of the fact-finder. We also note that the fact-finder is free to believe all, part or none of the evidence presented to it. The question of whether reasonable doubt of guilt exists is one for the fact-finder, unless the evidence be so weak and inconclusive that as a matter of law no probability of fact can be drawn.

*Commonwealth v. Wilson*, 825 A.2d 710, 713 (Pa.Super. 2003) (cleaned up).

Despite being convicted of four crimes, each of which required proof of multiple elements, Appellant did not specify in his Rule 1925(b) statement the crime or the element that he believed the Commonwealth failed to establish. This error is fatal to his sufficiency challenge:

- 4 -

We have repeatedly held that in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Therefore, when an appellant's 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient, the sufficiency issue is waived on appeal. Such specificity is of particular importance in cases where the appellant was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Rivera*, 238 A.3d 482, 496 (Pa.Super. 2020) (cleaned up). As such, Appellant has waived any sufficiency issue by failing to preserve it with any specificity in his concise statement. *Id*.

Our review does not end there. Notwithstanding Appellant's statement of questions, his argument clarifies that he does not actually challenge the sufficiency of the evidence. To explain, we reproduce his single-paragraph argument in its entirety:

It is the position of [Appellant] that the Commonwealth failed to produce sufficient evidence, as matter of law, to allow the case to proceed to a jury. Due to the various inconsistencies throughout the testimony of S.S. that were pointed out by Appellant during his testimony at trial, Appellant's position is that the testimony of S.S. is too inconsistent and outrageous to be relied upon by the jury. While it is generally in the purview of the jury to determine the credibility of a witness at trial, in this particular case Appellant argues the credibility of the complaining witness presented by the Commonwealth was too inconsistent and contradictory to be believed. *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993). Therefore, the trial court should not have allowed the case to even proceed to the jury. Therefore, Appellant is requesting this Honorable Court to overturn his conviction and grant him a new trial.

Appellant's brief at 10 (cleaned up, unnecessary prepositions omitted).

In *Karkaria*, our Supreme Court reiterated:

- 5 -

> Normally, the evidence is deemed to be sufficient where there is testimony offered to establish each material element of the crime charged and to prove commission of the offense by the accused beyond a reasonable doubt. The question of credibility is left to the jury and the verdict will not be disturbed if the jury determines the evidence is worthy of belief.
>
> We have, however, made exception to the general rule that the jury is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture.
>
> Traditionally under our system of jurisprudence, issues of credibility are left to the trier of fact for resolution.
>
> This concept, however, must be distinguished from an equally fundamental principle that a verdict of guilt may not be based upon surmise or conjecture. Following this principle, courts of this jurisdiction have recognized that where evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding.

*Karkaria*, 625 A.2d at 1170 (cleaned up).

The *Karkaria* exception is simply not applicable here. First, Appellant has wholly failed to argue how S.S.'s testimony was so unreliable that it could not support a guilty verdict. Moreover, our independent review of her testimony bears out that it was internally consistent and sufficient to establish Appellant's guilt without needing to resort to surmise or conjecture. *See* ***Commonwealth v. Smith***, 181 A.3d 1168, 1186 (Pa.Super. 2018) (distinguishing the facts of *Karkaria*, wherein "the Commonwealth's case was based upon the testimony of a witness whose testimony was so inconsistent as to be completely irreconcilable, and the finder of fact would have had to guess which version of the story to believe").

- 6 -

The only material inconsistencies were with Appellant's version of events. In other words, Appellant attacks the jury's decision to credit S.S.'s testimony over his. That is a classic weight challenge. **See e.g.**, **Commonwealth v. Charlton**, 902 A.2d 554, 562 (Pa.Super. 2006) (concluding the verdict was not against the weight of the evidence where "the jury obviously found the victim's testimony credible and chose not to believe [the defendant]'s version of the events" regarding the sexual assault); **see also Wilson**, 825 A.2d at 713-14 (clarifying that sufficiency review does "not include an assessment of the credibility of the testimony offered by the Commonwealth. Such a claim is more properly characterized as a weight of the evidence challenge" (cleaned up)). Furthermore, the remedy Appellant seeks also denotes a weight claim. **See Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000) (differentiating between sufficiency challenges which, "if granted, would preclude retrial" and successful weight claims, which instead "would permit a second trial" (cleaned up)).

Although couched as a **Karkaria**-type challenge, based upon the relief sought and his limited argument, Appellant actually attacks the weight of the evidence, not its sufficiency. Thus, our review is guided by the following legal tenets:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial

court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Sexton*, 222 A.3d 405, 414 (Pa.Super. 2019) (cleaned up).

Importantly, "a challenge to the weight of the evidence must first be raised in the trial court in order for it to be the subject of appellate review." *Wilson*, 825 A.2d at 714 (cleaned up); *see also* Pa.R.Crim.P. 607(A) (requiring a defendant to raise a weight claim with the trial judge: "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."). Appellant did not raise a weight challenge in the trial court. Since that court never denied a weight claim, we have no discretion to review and any issue challenging the weight of the evidence is waived.

In sum, Appellant has waived both his purported sufficiency and weight challenges by failing to properly preserve them in, respectively, a Rule 1925(b) statement and motion for a new trial. Even if we could ignore these omissions in order to reach the merits of either claim, we would still find waiver due to his underdeveloped argument. *See Commonwealth v. Deible*, 300 A.3d 1025, 1035 (Pa.Super. 2023) (reiterating that "when an appellant's argument is underdeveloped, we may not supply it with a better one" and will instead find waiver (cleaned up)). Having no preserved issue or developed argument to review, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/10/2026